FILED '07 MAY 04 09:01 USDC-ORE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

**CR No. 01-60068-1-AA**

AUSTIN LOUIS ROLFE,

**Defendant.**

# ORDER REVOKING SUPERVISED RELEASE

On April 9, 2003, the defendant appeared before this court, for sentencing following his plea of guilty to Bank Robbery. He was sentenced to thirty-seven (37) months custody followed by a (3) year term of supervised release, upon the standard and special conditions. The term of supervised release commenced on April 16, 2004.

On February 3, 2005, the defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. The defendant admitted he had violated the conditions of supervised release by failing to submit to urine testing, use of controlled substances and failing to participate in mental health treatment all as directed by his probation officer. Supervised Release was modified and continued.

ORDER REVOKING SUPERVISED RELEASE - PAGE 1

On November 29, 2005, the defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. The defendant admitted he had violated the conditions of supervised release by failing to submit urine testing, use of controlled substances and alcohol, failing to participate in a mental health treatment and failing to take psychotropic medication as prescribed. Supervised Release was modified and continued.

On August 8, 2006, the defendant appeared with counsel at a hearing to determined whether defendant's supervised release should not be revoked. The defendant admitted he had violated the conditions of supervised release by failing to submit to urine testing, use of controlled substances, failing to participate in mental health treatment and failing to take psychotropic medication as prescribed. Supervised Release was modified and continued.

On January 24, 2007, the defendant admitted violating conditions of supervised release by failing to submit to u/a's, failing to take psychotropic medication as prescribed and failing to perform community service as ordered. Supervised Release was revoked, defendant was sentenced to time served and a thirty-five (35) month term of supervised release was reimposed. Supervised Release recommenced on January 25, 2007.

On March 12, 2007, a status hearing was held and the court was apprised of the fact that the defendant had used alcohol and was abusing his prescription medication, Clonazepam. The defendant was placed on zero tolerance.

On April 16, 2007, this court issued a petition for warrant and order to show cause why the term of supervised release order previously granted should not be revoked based on the probation officer's allegation that defendant violated the conditions of release by failing to submit

ORDER REVOKING SUPERVISED RELEASE - PAGE 2

to urine testing; failing to participate in a mental health treatment program; and failing to perform community service. The government moved to dismissed the allegation of alcohol use.

THE COURT FINDS that the defendant has violated conditions of his supervised release as set forth above, said violation constitutes a Grade C violation pursuant to Guideline § 7B1.1(a)(3). A Grade C violation coupled with the defendant's Criminal History Category of III, produces a suggested imprisonment range of 5 to 11 months.

IT APPEARS TO THE COURT that the defendant is no longer amenable to supervision.

IT IS ORDERED AND ADJUDGED that the term of supervised release is revoked and the defendant is committed to the custody of the Bureau of Prisons for a period of four (4) months with a recommendation **for designation at the Federal Medical Center Rochester based on his documented history of suffering from a mental health disorder.** Following release from custody, the defendant is subject to reimposition of supervised release, pursuant to 18 USC § 3583(h) and is ordered to a term of supervised release for a period of thirty-one (31) months, subject to the previously imposed standard and special conditions of supervision and the following new conditions:

1. The defendant shall reside in and satisfactorily participate in a residential re-entry center to include a prerelease component, if determined appropriate by the residential re-entry center manager and the U.S. Probation Officer, for up to 120 days or until discharged by the residential re-entry center manager and the U.S. Probation Officer. It is further ordered that all subsistence fees be waived by the Bureau of Prisons.
2. The defendant shall pay full restitution to the victim identified in the presentence report in the amount of $1,056. If there is any unpaid balance at the time of the defendant's release from custody, it shall be paid at the maximum installment possible and to less than $25 per month or as directed by his probation officer.
3. The defendant shall participate in a mental health treatment program approved by his probation officer.

ORDER REVOKING SUPERVISED RELEASE - PAGE 3

4.    As directed by the probation officer, the defendant shall take psychotropic medication, if medically approved, for the treatment of a mental or emotional disorder.

5.    The defendant shall authorize release to the probation officer any and all financial information by execution of a release of financial information form, or by any other appropriate means, as directed by the probation officer.

6.    The defendant shall not possess or consume alcohol or enter an establishment where alcohol is the primary item for sale.

Dated this _3_ day of May, 2007.


_____

**ANN AIKEN**
**United States District Judge**


cc:    Probation Office
       Counsel of Record


ORDER REVOKING SUPERVISED RELEASE - PAGE 4